Affirmed and Opinion filed February17, 2005









Affirmed
and Opinion filed February17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00731-CR

____________

 

EX PARTE WARREN
EUGENE THOMPSON

 

 

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause Nos. 46,411

 



 

O P I N I O N

Appellant appeals from the trial court=s denial of
appellant=s petition for writ of habeas corpus.  Appellant raises two issues.  We affirm.








Appellant was arrested for injury to a
child and bail was set at $100,000. 
Appellant filed a petition for writ of habeas corpus.  Following a hearing on the petition, the
trial court reduced bail to $60,000 with the conditions that appellant remain
in Dallas County and have no contact with any child under the age of 18
years.  The State subsequently moved to
increase bail because appellant was found in Brazoria County in the home of a
child under the age of 18.  The trial
court revoked appellant=s bond and ordered appellant held on no
bond status.  Appellant filed another
petition for writ of habeas corpus and, after a hearing, the trial court denied
the petition.

Appellant first claims the trial court
abused its discretion in revoking bond because the bond conditions were
unreasonable, vague, contradictory, and constitutionally excessive.  As a condition of bond, the trial court
stated that appellant was to have no contact with any child under age 18 and
that appellant was to remain in Dallas County, with reporting to the Brazoria
County Community Supervision Department. 
By statute, a magistrate may secure a defendant=s attendance at
trial by imposing any reasonable condition of bond related to the safety of a
victim or of the community.  Tex. Code Crim. Proc. Ann. art.
17.40(a) (Vernon Supp. 2004-05).  Here,
appellant was charged with two counts of injury to a child.  The conditions clearly related to the safety
of the victim and the community. 
Furthermore, one of the victims lived in Brazoria County.  Under these circumstances, the conditions
were reasonable.  

Additionally, appellant did not object to
these conditions when they were imposed. 
By failing to object to the conditions in the trial court, appellant
failed to preserve error.  Smith v.
State, 993 S.W.2d 408, 410 (Tex. App.BHouston [14th
Dist.] 1999, pet. ref=d). 
Finally, appellant admitted at the hearing that he understood these
conditions.  Thus, we find no merit to
appellant=s complaint that the conditions were
unreasonable, vague, or excessive.








Appellant next complains that the evidence
was legally insufficient to order appellant held without bail.  As to this issue, appellant only argues that
no witnesses were presented at the hearing to show appellant is a danger to the
victim or to the community.  The trial
court considered all prior proceedings, testimony, pleadings and the evidence
showing that appellant had violated the conditions of his bond.  At the hearing on June 17, 2004, the State
presented one witness, a criminal investigator for the City of Pearland Police
Department, who testified that, after receiving a call from CPS, he went to the
residence of Sheila Crowder, where he saw a Ford truck in the driveway.  Hunt testified that, after he was invited
into the home by Crowder, he initially only saw Crowder and her baby, but
Crowder took Hunt to a utility room where he found the appellant.  Hunt testified that appellant indicated his
understanding that he was not supposed to be in Brazoria County or in the
presence of a child.  Hunt testified he
did not arrest appellant, but told him to leave Crowder=s residence and
take his clothing and other articles with him. 
Hunt testified it was apparent from dishes in the living room that two
people had eaten dinner there.  Appellant
also testified, and admitted he was present at Crowder=s home.  Appellant further admitted he understood the
bond conditions. 

This testimony was sufficient evidence for
the trial court to determine that appellant had not complied with the
conditions of his bond.  At the hearing
on appellant=s petition for writ of habeas corpus, the
trial court took judicial notice of this evidence adduced at the June 17, 2004,
hearing.  The court had sufficient
evidence to determine that appellant would not comply with the conditions of
bond.  Accordingly, we find no merit to
appellant=s claim of insufficient evidence.  

We affirm the trial court=s denial of
appellant=s petition for writ of habeas corpus.

 

PER CURIAM

 

 

Judgment
rendered and Opinion filed February 17, 2005.

Panel consists
of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex.
R. App. P. 47.2(b).